Robert H. Cory v. Commissioner.
Robert H. Cory v. Commissioner
Docket Nos. 4046, 4047.
United States Tax Court
1945 Tax Ct. Memo LEXIS 274; 4 T.C.M. (CCH) 297; T.C.M. (RIA) 45089; March 10, 1945
Roswell Magill, Esq. and Samuel B. Stewart, Esq., for the petitioner. Robert S. Garnett, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in petitioner's income tax for the taxable years 1937, 1938 and 1939, in the respective amounts of $6,072.08, $7,201.74 and $26,367.06, in Docket No. 4046, and for the taxable years 1940 and 1941 in the amounts of $13,374.18 and $16,106.08 in Docket No. 4047. The proceedings were consolidated for hearing. The questions presented are, first, whether the decision in the cases of Robert H. Cory, B.T.A. Memo. Op. (1941) Docket No. 100416 and 100417, affirmed on appeal and certiorari denied, in which petitioner was held to be taxable under *275 section 22 (a) on the income from trusts established by him in 1929 and amended in 1935, is res judicata, barring petitioner from contending here that he is not taxable on income for later years from the same trusts, and, second, if not, whether petitioner is taxable on income from those trusts during 1937 to 1941, inclusive. Findings of Fact Petitioner is a resident of the state of New Jersey, and filed his income tax returns for the tax years with the collector for the fifth district of New Jersey at Newark. On April 6, 1929, petitioner created four revocable trusts, one for the benefit of his wife, and one for the benefit of each of his three children, David, Cleveland and Robert, Jr. The trustee of each trust was Clinton H. Blake, a long-time friend and attorney of petitioner. The trust for Mrs. Cory originally provided that the income might be paid to her during her life, in the trustee's discretion. Any income not so paid was to go to her on the termination of the trust, or to her estate in the event of her death. Upon her death, or the termination of the trust, the corpus reverted to petitioner, or if he were dead, was to be held in trust for his issue. The corpus of *276 this trust consisted of stock in the O'Sullivan Rubber Co., of which petitioner was president in liquidation, and stock in Lamont, Corliss & Co., of which petitioner was president. In each of the trusts for petitioner's sons, the trustee was to pay such portions of the income to the beneficiaries as in the trustee's judgment should be desirable or necessary for the beneficiary's education, maintenance or support, not to exceed certain designated proportions of the total income. The balance of the income was payable to petitioner's wife, in the discretion of the trustee. Provision was also made for the distribution of certain shares of the corpus to the beneficiary at certain periods after he reached the age of 25 years. The corpus of each of these trusts consisted of stock in Pond's Extract Co., of which petitioner was chairman of the board, and Pond's Extract Company International, Ltd., and Pond's Extract Company of Canada, Ltd. Each of the four trusts contained the following provision: "6. The TRUSTEE is hereby authorized to retain any property received by him hereunder in the form of investment in which such property is received, although such property be not of the character *277 of investments permitted to trustees by law, and the TRUSTEE shall during the life of MR. CORY retain, dispose, invest, reinvest and otherwise deal with the principal of the trust fund, and shall issue voting proxies on all stocks held, in such manner as MR. CORY may direct, regardless of the restrictions imposed by law upon trustees. The TRUSTEE may retain as permanent investments of the trust or trusts any assets forming part of the original principal hereof, or forming part of the principal at the time of MR. CORY'S death, and may at all times invest and reinvest the principal of the trust in such forms of investment as he may deem expedient, (subject, however, to the directions of MR. CORY during his lifetime) any legal restrictions upon trustees and investment of trust funds notwithstanding. * * *
"10. If Mr. Blake shall cease to serve as TRUSTEE hereunder for any reason, THE CITIZENS NATIONAL BANK AND TRUST COMPANY OF ENGLEWOOD is hereby appointed to act as substitute trustee, provided, however, that MR. CORY reserves the right to revoke such appointment and to designate another substitute trustee at any time not later than sixty days after Mr. Blake shall cease to serve *278 as TRUSTEE, in which event the aforesaid BANK waives any rights to commissions." On January 8, 1935, petitioner amended all four trusts so as to make them irrevocable, and to limit their term to ten years, or to the death of the petitioner, or to the death of the survivor of his wife and children, whichever event occurred first. Upon termination, the corpus reverted to petitioner or to his estate. All the trusts provided that the trustee should not distribute any of the income to any beneficiary until the expiration of at least one year from the time of its receipt by the trustee. As amended, each of the trusts provided as follows: "8. MR. CORY shall have the right at any time during the term of the trust by written instructions delivered to the TRUSTEE, to change, modify or alter any of the administrative provisions of this agreement but he shall not have the power at any time to change the distributive provisions or to affect the beneficial interests created hereunder or to revoke this trust in whole or in part or to revest in himself title to any part of the corpus of the trust, except that he shall have such powers or any of them with the consent of the beneficiary or beneficiaries *279 currently entitled to the income hereunder. No part of the income of the trust shall be distributed to MR. CORY or be held or accumulated for future distribution to him or applied to the payment of premiums upon policies of insurance upon his life. Upon the termination of the trust no part of the income theretofore accumulated by the TRUSTEE, pursuant to the provisions hereinabove contained, shall be payable to MR. CORY, but all such accumulated income shall be paid to the beneficiary entitled thereto." David had attained his majority in 1934 and Robert became of age in 1935. Cleveland was a minor until 1939. Robert left his parents' home in 1937 to teach school in Colorado, and David married in 1938 and established a home of his own. Petitioner's wife and the third son, Cleveland, continued to reside with petitioner throughout the tax years here in question, except during the time when Cleveland was attending college and law school. Petitioner consulted with the trustee about the trust investments and concerning the distributions of the trust income, but he never directed the trustee in the exercise of the discretionary powers and duties vested in the trustee. He did not exercise *280 all of the powers retained by him. None of the income from the trusts was distributed to petitioner's wife during any of the tax years. The amounts distributed to Robert during the tax years involved here, and his income from other sources, are as follows: Amount
Income from
Distributed
other sources
1937
$4,303.81
$ 585.61
1938
3,447.02
1,987.99
1939
3,166.54
2,285.67
1940
3,147.89
2,212.46
1941
3,511.75
1,893.44
The amounts distributed to David during the tax years, and his income from other sources are indicated below: Amount
Income from
Distributed
other sources
1937
$2,500.00
$2,400.00
1938
3,161.99
2,739.06
1939
3,120.51
2,795.00
1940
3,074.52
3,020.00
1941
3,105.42
3,522.00
The amounts distributed to Cleveland, and his income from other sources were as follows: Amount
Income from
Distributed
other sources
1937
$4,386.39
$9.77
1938
5,417.11
9.16
1939
4,593.28
1940
5,276.88
1941
4,458.53
Cleveland was in college during these years, and the income was used to defray his school expenses. During the years involved here, petitioner reported net income *281 as follows 1937
$41,499.37
1938
42,595.22
1939
58,368.11
1940
52,630.98
1941
48,835.24
Opinion KERN, Judge: The question whether petitioner was taxable under section 22 (a) on the income from these trusts, as amended, for the taxable years 1935 and 1936, was before us in Docket Nos. 100416 and 100417. Our decision that he was taxable was affirmed by the Circuit Court of Appeals for the Third Circuit on March 14, 1942, , and certiorari was denied on October 12, 1942. (.) The petitioner here is the same person who was the petitioner in the previous cases, and the trust instruments are the same now as they were when they were construed in our earlier decision. The applicable statute is unchanged. Respondent argues that our decision referred to above is res judicata of the issues in these proceedings. Petitioner contends the doctrine of res judicata should not be invoked here to prevent our consideration of the present case on its merits, and points out, first, that this proceeding involves entirely different causes of action; second, that the respondent had the burden of proof in the *282 earlier proceedings, and in support thereof offered no evidence except the trust instruments themselves, and, since the petitioner offered no evidence, our opinion was rendered without consideration of the facts, concerning which we now have evidence, i.e. that the grantor of the trust did not in fact exercise many of the powers which he retained, and that the trustee was independent in his conduct of his discretionary duties; and, third, that pertinent and material facts concerning the status of some of the beneficiaries are different in the later years now under consideration. It is undoubtedly true that different causes of action are involved in these proceedings, since they relate to different tax years. ; . That being so, our earlier decision is conclusive only as to the precise facts, rights, and issues adjudicated in the earlier case which are also presented here. ; , , and cases there cited. The fact that petitioner failed to *283 offer, in the earlier proceedings, evidence available to him to show the fact that he did not exercise the control retained by him, and that the trustee, though he was an old family friend and attorney, acted with complete independence, can not be relied on by him to prevent the application of the doctrine of res judicata, if it were otherwise effective. He had there the opportunity and the responsibility of offering proof of whatever facts he felt might mitigate or modify the effect of the trust instruments. As we said in , p. 396, "The mere failure of the petitioner to plead or prove any then existing and material fact in the earlier proceeding, would not seem to exclude it from the res therein adjudicated." But because there have been some changes in the material facts covering the status of petitioner's three sons in the later years now under consideration, we agree with petitioner that our prior decision is not res judicata here as to the trusts created for their benefit. Our discussion here however will be limited to those factors which are different or new, and a consideration of the question whether they, together with *284 the facts already established and considered by us, require a conclusion as to petitioner's liability for tax on the trust income for 1937, 1938, 1939, 1940 and 1941, different from the conclusion already reached as to the trust income for 1935 and 1936. With respect to the trust for petitioner's wife, there has been no change whatever in the material facts, and as to her trust the matter in controversy is res judicata. The evidence that petitioner did not exercise the powers which he retained does not require any alteration of our views concerning petitioner's liability to tax. It is his retention of control, not the extent of his exercise of control, which is significant. The testimony designed to show the complete independence of the trustee in the exercise of his discretionary duties seems rather to establish his close cooperation with the grantor, as a matter of "courtesy", in deciding policies and courses of action which were the exclusive responsibility of the trustee. Even if we were not precluded by the doctrine of res judicata from a consideration of this question on its merits, there is nothing in the record now before us which leads us to believe the petitioner is any *285 the less subject to tax on the income from this trust during the tax years under consideration than he was in the earlier years. The principal fact, relating to the trusts for petitioner's sons, which we now have for consideration which was not present when we considered the question before, is the fact that two of the sons who were then residing at home had, during the later years of the period now involved, established residences elsewhere. Our task is to decide whether that fact, considered in connection with all the other established facts, must lead to a different tax result. We are convinced that it does not. In , certiorari denied , the income was distributable to the nephew of the grantor, who was not and never had been a member of the grantor's immediate household, although the grantor had furnished his financial needs. That fact was considered not to relieve the settlor from the tax, in view of the other facts there shown. In , certiorari denied , the grantor was held taxable on income distributed to his mother-in-law, *286 who did not make her home in his household. It is true that the fact that the beneficiaries of a trust are adult children having their own separate homes and families may be considered in determining whether one of the factors in , exists, i.e., whether there is "a temporary reallocation of income within an intimate family group." See . However, this is but one of the factors to be considered in cases of this type. Moreover it is a fact the significance of which must be seen in the light of other facts. Here for example the beneficiaries of the trusts set up by petitioner constituted all of the members of the petitioner's immediate family. He had no more intimate family group. At the time the trusts were created the sons of petitioner were unmarried. The fact that two of them had since married is not shown to have affected the intimacy of the family group. We conclude that the fact that the beneficiaries of two family trusts married and established their own homes after the creation of the trusts does not, of itself, prevent the application of the doctrine of , *287 in considering the taxability of the trust income in years subsequent to the marriage of the beneficiaries. The facts relating to the trust for Cleveland, the youngest son, changed by reason of his attaining his majority in 1939. He continued to reside at home. It is apparent that this resulted in placing him in substantially the same position in which his brothers were when our earlier decision was rendered. We considered that circumstance in connection with the trusts for his brothers, both of whom were adults during all or part of the prior tax years, and both of whom then lived at home. Consistent with our decision here, we conclude the petitioner is taxable on income from Cleveland's trust throughout the tax years involved here. There is in the record some evidence tending to establish that petitioner's position with the corporations which issued the stock which largely constituted the trust corpora did not depend on his ownership of or control over stock, and that his holdings together with those of other members of his family did not represent a controlling interest in these corporations. Nevertheless, as we pointed out in our earlier decision, his control over the securities *288 was substantially undisturbed by the transfers in trust. We conclude from all the facts that petitioner is taxable on the income of the trusts during the taxable years 1937, 1938, 1939, 1940, and 1941. Decision will be entered for respondent.